AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
SEP 17 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

TSH

| | |
|---|---|
| United States of America<br>v.<br>Jontae Carlos Sandifer<br><br>*Defendant(s)* | Case No.<br>3 19 71521 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 12, 2019__ in the county of __San Francisco__ in the __Northern District__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

Approved as to form /s/ _____
AUSA Noah Stern

*Complainant's signature*

GABRIEL A CARAZA ATF/TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/16/19

*Judge's signature*

City and state:  San Francisco, California

~~Hon. Joseph C. Spero, Chief Magistrate Judge~~
*Printed name and title*

THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR COMPLAINT

I, Gabriel Alcaraz, Task Force Officer ("TFO") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, state:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Carlos Jontae SANDIFER for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) (hereafter, the "Target Offense").

## SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of a securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, including officers from the San Francisco Police Department ("SFPD"), information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases, including regarding SANDIFER's criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds. My experience and training as an ATF TFO and my participation in this investigation form the basis of the opinions and conclusions set forth below.

## AFFIANT BACKGROUND

4. I am a TFO with the ATF and have been so employed since 2016. As an ATF TFO, I received training on federal laws and regulations at the ATF Headquarters in Washington

DC and have attended periodic training in the Northern District of California ATF Field Division Office. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I currently work in the San Francisco Metro Field Office, which combats gun trafficking, narcotics trafficking, violent crime, organized crime, and street gangs. I have participated in undercover operations during which I have observed transactions involving narcotics and firearms. As an ATF TFO, I have participated in numerous federal and state investigations involving individuals engaged in the illegal sale and possession of firearms and narcotics.

5. As a TFO, I have been trained to conduct and participate in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have received training in investigating and assisting in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. I have received training and participated in various types of investigative techniques, including using electronic surveillance and undercover agents and informants. I have participated in physical surveillance operations and have participated in the execution of federal arrest warrants.

## APPLICABLE STATUTES

6. Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

7. The elements of the Target Offense (18 U.S.C. § 922(g)(1)) are as follows: the defendant (1) knowingly possessed a firearm or ammunition; (2) that firearm or ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm, the defendant knew that he had been convicted of a

2

crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

**A.    SANDIFER's Possession of a Firearm on August 12, 2019**

8.    On August 12, 2019 at about 6:45 p.m. SFPD officers responded to a gunshot fired near the corner of Leavenworth Street and Golden Gate Avenue in San Francisco's Tenderloin neighborhood.  Officers spoke with a witness who said she heard an argument on the street and then she saw a black male open the trunk of his car, take out a pistol, and fire it at another black male.  She reported that the man who fired the shot then closed the trunk, got into the car, and drove away with the pistol on his lap.

9.    After taking the witness's statement, officers inquired about surveillance footage of the incident at an adjacent building, 220 Golden Gate Avenue.  The building had footage of the incident consistent with the witness's account, which officers viewed.  On the video, a black male wearing a bluish sweater, ripped blue jeans, and white shoes, later identified as SANDIFER, argues with a black male with short dread locks.  After the man with dread locks leaves the frame, SANDIFER opens the trunk of a burgundy four-door sedan, pulls out a silver pistol, aims it across Leavenworth Street, and fires it once.  He then closes the trunk, gets in the car, and drives away.  SFPD officers were not able to read the license plate of the vehicle driven

by SANDIFER. A screenshot from the surveillance footage is below:



10. To identify the vehicle, SFPD officers reviewed body camera footage from an arrest that occurred at approximately the same location at around 5:30 p.m. the same day, or a little more than an hour before SANDIFER fired his weapon. The same burgundy vehicle that SANDIFER drove away in appeared on the body camera footage. The vehicle was a burgundy Volkswagen Jetta with license plate number 7XFA876.

11. SFPD broadcasted the make, model, and license plate of the vehicle and the vehicle was subsequently located by an SFPD officer on the 500 block of Ellis Street at approximately 7:30 p.m.

12. One of the SFPD officers who viewed the surveillance footage saw SANDIFER near the corner of Turk Street and Leavenworth Street. He was wearing the same attire as on the surveillance footage, a blue jacket, blue ripped blue-jeans, and white shoes. Officers detained SANDIFER.

4

13. Officers asked the witness who they had spoken to at the scene if she would be willing to identify SANDIFER. She agreed. When she saw SANDIFER, she said "That's him, I think it's him, but I'm not sure. I can't be sure." The witness was also shown the burgundy Volkswagen and she said that it was the car that the man had pulled the gun out of.

14. Officer's seized keys from SANDIFER's person while he was detained. The keys were in a pant pocket and one of the keys was a Volkswagen key fob. SFPD officers brought the keys to the burgundy Volkswagen parked on the 500 block of Ellis Street with license plate 7XFA876.

15. The Volkswagen key seized from SANDIFER opened the vehicle and officers conducted a probable cause search of the car. Officer's located and seized a .40 caliber Smith & Wesson silver pistol bearing serial number FXJ8765 from underneath the floor mat on the driver's side of the vehicle. A photograph of the firearm in the vehicle is below:



16. Officers also found approximately 25 plastic twists of suspected heroin, 20 bindles of a suspected unknown narcotic, and a working scale from the vehicle. Officers also

5

seized approximately $1,867 in several denominations from SANDIFER's person.

17. Prior to SANDIFER's detainment, an off-duty SFPD officer reported that he had received a tip from a confidential informant that the shooting suspect was near the 100 block of Hyde street wearing a blue jacket, black pants, and yellow shoes. Officers detained a suspect matching this description, but later released him when SANDIFER was located.

**B. Interstate Nexus**

18. An ATF agent subsequently investigated the firearms and ammunition seized from SANDIFER's vehicle to determine where it was manufactured. There is probable cause to conclude that the firearm shipped or transported from one state to another or from a foreign country to the United States before SANDIFER possessed it. According to an analysis by the ATF, the firearm was manufactured outside of the state of California. Based on my training and experience, this firearm must have been shipped or transported from one state to another or from a foreign country to the United States before SANDIFER possessed it.

**C. SANDIFER's Criminal History**

19. I have also reviewed SANDIFER's criminal history as part of my investigation. SANDIFER has been previously convicted of multiple crimes punishable by imprisonment for a term exceeding one year. For example, SANDIFER was convicted of possession or purchase of cocaine base for sale in violation of California Health and Safety Code §11351.5 in Alameda County Superior Court, Court Number 156247. On March 5, 2008, he received a sentence of 4 years in prison for this conviction. There is probable cause to believe that SANDIFER knew he had been convicted of a crime in any court punishable by imprisonment for a term exceeding one year, among other reasons because he actually received a 4-year prison sentence for his prior conviction in Case Number 156247.

## CONCLUSION

20. On the basis of my participation in this investigation and the information summarized above, there is probable cause to believe that on August 12, 2019, in the Northern District of California, SANDIFER committed the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

_____
GABRIEL ALCARAZ
ATF TFO

Subscribed and sworn before me on this 16TH day of September.

_____
~~HONORABLE JOSEPH C. SPERO~~
CHIEF UNITED STATES MAGISTRATE JUDGE

**THOMAS S. HIXSON**
**UNITED STATES MAGISTRATE JUDGE**

7